**In re Anonymous No. 27 D.B. 76**

Disciplinary Board Docket no. 27 D.B. 76.

REATH, *Board Member,* June 9, 1977—Pursuant to Rule 218(c) of the Pennsylvania Rules of Disciplinary Enforcement (rules), the Disciplinary Board of the Supreme Court of Pennsylvania (board) submits its findings and recommendations to your honorable court with respect to the above petition for discipline.

## I. HISTORY OF PROCEEDINGS

Respondent, [   ], Esquire, is admitted to practice law in the Commonwealth of Pennsylvania, and does so from his office at [   ]; [   ] County, Pennsylvania. He graduated from the [   ] Law School in 1966, and has been in general practice since 1967. He was married in 1961, and lives in [   ] with his wife and three children, [   ].

On August 5, 1976, the office of disciplinary counsel charged respondent with violations of the Code of Professional Responsibility in that he allowed the statute of limitations to run in two cases, withheld vital information from his clients, manipulated his own release from liability, and retained a fee to which he was not entitled.

After a full evidentiary hearing, hearing committee [   ] ([   ], Esquire, Chairman, [   ], Esquire and

[ ], Esquire) found clear evidence of serious professional misconduct, as charged. Based on impressive medical testimony and reinforced by the testimony of respondent's wife and also his law partner, plus evidence of full restitutions to his clients who had been harmed by respondent's conduct, they found convincing evidence in mitigation of the offenses charged. They concluded that respondent should receive public censure by the Supreme Court, coupled with probation to insure that respondent would continue the course of medical treatment to keep in regression his serious mental condition (manic-depressive), that had accounted for, but does not excuse, his serious unprofessional conduct during the period from 1969-75.

## II. DISCUSSION

For the reasons appearing in greater detail in the hearing committee's excellent, thorough and sensitive report, we approve, adopt and recommend to your honorable court the recommendations of the hearing committee.

There would be no useful purpose in restating the findings and conclusions of the hearing committee regarding respondent's transgressions. They were serious and respondent candidly admits this.

The point is that thanks to the miracle of modern medical research, the skill and dedicated care of an outstanding psychiatrist, Dr. [A], the loving support and reinforcement by a devoted and wonderful wife—and three fine children, and similar help and support from respondent's law partner, the dreadful mental illness from which respondent has suffered is now in regression (i.e., in a "uthanic period")—so long as he continues, says his doctor, his lithium treatment.

His doctor feels, and respondent agrees, that it would be in respondent's best interest,—and more importantly, in the best interest of the general public and the clients he serves,—that on some periodic basis, he would continue to report to this board regarding the continuation of his medical treatment, and furnish us periodically with the opinion of a qualified psychiatrist that he continues to be a safe risk for continuing in the general practice of law.

## III. RECOMMENDATION

For all the reasons set forth above, the board recommends that your honorable court, pursuant to Pa.R.D.E. 204(3), impose public censure with probation. The primary purpose of such discipline is not punishment, but rather the present and future protection of clients, which is accomplished at least in part by imbuing respondent with his ongoing responsibility to practice law in an ethical manner and to be forthright and honest with his clients.

The condition of the probation should be that respondent shall furnish periodic reports from a qualified psychiatrist, beginning September 15, 1977 and annually thereafter for a period of three years, unless extended for cause, showing that respondent is continuing to take prescribed medication; that the medication continues to be effective; that his mental condition continues stable; and that respondent is, in the professional judgment of the psychiatrist, capable of performing the tasks and making the moral and other judgments required of an attorney at law.

## ORDER

EAGEN, *C.J.*—June 20, 1977—Recommendation of probation approved. Case remanded to board for implementation of probation.